UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                              CIVIL ACTION

QUINSTON T. COLEMAN and                             No. 15-569
YOLANDA A. COLEMAN

Debtors                                             Section "C"


QUINSTON T. COLEMAN and
YOLANDA A. COLEMAN                                  BANKRUPTCY CASE NO. 14-11636

v.

BARCLAYS CAPITAL, PLC, ET AL                        ADVERSARY PROC. No. 14-1046


**OPINION**

Before this Court is appellants'[1] motion for rehearing pursuant to Federal Rule of Bankruptcy Procedure 8022. *See* Rec. Doc. 16. Specifically, appellants seek rehearing regarding the Court's ruling regarding the inapplicability of *Rooker-Feldman* abstention. *See id.* For the following reasons, the Court DENIES appellant's motion for rehearing without permitting response.[2]

**I.    Background**

The Court recites only that background germane to the current motion and otherwise adopts the case background included in its prior Opinion. *See* Rec. Doc. 15 at

---

[1] The appellants are: Barclays Capital Real Estate, Inc.; Ocwen Loan Servicing, LLC; as successor-in-interest to Seneca Mortgage Servicing; Mortgage Electronic Registration Systems, Inc.; Christiana Trust as Trustee of ARLP Trust 2; The Bank of New York Mellon Trust Company, N.A., as Grantor Trustee of Protium Master Grantor Trust ("BONY"); EquiFirst Corporation ("EquiFirst"); HomEq Servicing ("HomEq"); and Statebridge Company, LLC ("Statebridge") (collectively "appellants").

[2] The Court notes that pursuant to subpart (a)(3) of Rule 8022, the Court has not and need not give appellees the opportunity to respond to appellants' motion, particularly because the Court is denying appellants' motion.

1

2–4. On September 16, 2014, appellees Qunston and Yolanda Coleman (collectively "appellees") filed a complaint initiating the above-referenced adversary proceeding with the United States Bankruptcy Court for the Eastern District of Louisiana ("bankruptcy court"). *See* Bank. Adv. Rec. Doc. 1. Appellants filed a motion to dismiss all of appellees' claims and thereafter appellees filed a first amended complaint. *See* Bank. Adv. Rec. Docs. 26 & 31. Appellants then filed a new motion to dismiss the first amended complaint, which sought to dismiss all claims of appellees. *See* Rec. Doc. 37. Among the grounds put forward by appellants for completely dismissing appellees' complaint was lack of subject matter jurisdiction under *Rooker-Feldman*. *See id.* at 44–45, 48–95.

After the bankruptcy court denied appellants' motion, appellants appealed to this Court, once again asking for dismissal of the adversary proceeding. *See* Rec. Doc. 9. As to the issue now brought before the Court, the Court affirmed the bankruptcy court was not barred from exercising subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. *See id.* at 5–9.

Appellants now argue that the Court made a mistaken assumption of fact regarding appellees' desire to retain possession of their home and upset a state court foreclosure judgment. *See* Rec. Doc. 16 at 2. Because the Court's analysis of two prior Fifth Circuit decisions arguably indicates that these two facts were dispositive to the Court's rulings, appellants contend that the Court should reconsider its prior Opinion. *See* Rec. Doc. 15 at 5–9 (discussing *Troung v. Bank of Am., N.A.*, 717 F.3d 377 (5th Cir. 2013) and *Magor v. GMAC Mortg., L.L.C.*, 456 Fed.Appx. 334 (5th Cir. 2011)); *see also* Rec. Doc. 16 at 4–11.

**II.     Legal Standard**

Rule 8022 does not state a standard by which a court determines whether a rehearing is warranted. *See* Commercial Bankruptcy Litigation 2d ed., 2 Bankruptcy Litigation § 9:94 (2015). Furthermore, the Court is not aware of any Fifth Circuit guidance on the issue. The Court is of the opinion that the standard is simply whether the Court would have reached a different result had it been aware of its mistaken use of facts or law. *See id.*; *see also In re Hessco Indus., Inc.*, 295 B.R. 372, 375 (9th Cir. 2003).

**III.    Discussion**

The Court's Opinion clearly stated that appellees "do not seek to retain possession of their home or [] reverse the state court's judgment." *See* Rec. Doc. 15 at 9. A review of the appellees' first amended complaint supports this assertion. *See* Bank. Adv. Rec. Doc. 31 at 10-21. The appellants do not point to anything in the appellees' first amended complaint that suggests otherwise. *See* Rec. Doc. 6–10. Nonetheless, appellants point to arguments made by appellees in briefs and at oral argument that indicate the appellees do desire to repossess their home or nullify the state court's judgment. *See* Rec. Doc. 16 at 6–10. The Court is not persuaded that the existence of these arguments—made without a formal amendment to the appellees' first amended complaint—provide sufficient grounds for the Court to disturb its prior Opinion or the decision of the bankruptcy court.

Should the appellees formally move for the bankruptcy court to grant relief in the form of an order regarding possession of appellees' home or otherwise directly nullifying the state court's judgment, the appellants will have the opportunity to object. But the mere possibility that appellees *might* bring such claims amongst their other independent claims for damages, punitive damages, and attorneys' fees—which clearly are not

affected by *Rooker-Feldman* abstention—does not wholly deprive the bankruptcy court of subject matter jurisdiction and does not raise grounds for a rehearing. *See Troung*, 717 F.3d at 383–84.

Accordingly,

IT IS HEREBY ORDERED that appellants' motion for rehearing is DENIED. Rec. Doc. 16.

New Orleans, Louisiana, this 10th day of November, 2015.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**